# ROY BROOKS

## *v.*

# CENTRAL SAINT JEAN.

---

Mayaguez, Law, No. 196.

1. The local employers' liability act, while exclusive as to the cases covered by Rev. Stat. (1902) P. R. § 327, does not apply to the case of an employee injured by the carelessness of a fellow employee in the management of an automobile.

2. Such an action is governed by the provisions of §§ 1803, 1804, Civil Code (1902) of Porto Rico; or perhaps by § 61 of the Code of Civil Procedure of Porto Rico of 1904.

Opinion filed March 7, 1908.

---

*Messrs. Horton & Cornwell*, attorneys for plaintiff.

*Mr. C. Coll y Cuchi*, attorney for defendant.

RODEY, Judge, delivered the following opinion:

Brooks v. Central St. Jean.

This is an action at law for alleged damages for personal injuries to the plaintiff by the defendant, its agents and employees, through the alleged careless, negligent, and reckless operation of an automobile which it is stated was driven into a ditch, causing plaintiff to be violently thrown to the ground, breaking both bones of his left leg above the ankle, and all of which, it is alleged, occurred without fault or negligence on the part of the plaintiff.

The issue at present is raised by a demurrer to the complaint, on the ground that it does not show a compliance with the requirements of § 327 of the Revised Statutes of Porto Rico of 1902, as to notice to the defendant within thirty days, or, in lieu thereof, the bringing of the suit within six months, etc.

The portion of the Code aforesaid is contained in what is known locally as the employers' liability act. It refers by its specific terms to certain classes of cases and accidents occurring: (1) By reason of any defect in the condition of the ways, works, or machinery connected with or used in the business of the employer, which arose from, or had not been discovered or remedied owing to, the negligence of the employer or of any person in the service of the employer, and intrusted by him with the duty of seeing that the ways, works, or machinery were in proper condition; or (2) by reason of the negligence of any person in the service of the employer intrusted with the exercising of superintendence, whose sole or principal duty is that of superintendence; or (3) by reason of the negligence of any person in the service of the employer who has charge of, or physically controls, any signal switch, locomotive engine, car, or train in motion, whether attached to an engine or not, upon a railroad, etc.

After examining the complaint and the demurrer, we do not

think the local employers' liability act referred to applies, and are of opinion that this action is not subject to the terms thereof, but is governed by §§ 1803 and 1804 of the Civil Code of Porto Rico of 1902, or perhaps by § 61 of the Code of Civil Procedure of Porto Rico of 1904.

We have several times passed upon cases involving points under this local employers' liability act, and in most of them we were careful to note, as will be seen, that while the said employers' liability act is an exclusive remedy in cases where it applies, cases may arise to which it is not applicable, which are to be governed by the general sections of the Civil Code above referred to. See our opinion in Diaz v. Fajardo Development Co. 2 Porto Rico Fed. Rep. 162 et seq.; Cortejo v. American R. Co. 2 Porto Rico Fed. Rep. 389; also cause No. 519, San Juan district, Colon v. Ponce & G. R. Co., ante, 367, and Delgado v. Insular Line, No. 511, same district, ante, 375.

If it shall devevop on the trial, or appear by plea or in any other manner, that the complaint here is subject to other objections not now apparent, it will be time enough to consider the same when raised. The demurrer will therefore be overruled and the defendant required to plead or answer within ten days.